IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:19-CV-188-BO

| | |
|---|---|
| IRENE BILLUPS, | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT |
| | ) OF DEFENDANT'S MOTION TO |
| v. | ) DISMISS |
| UNITED STATES POSTAL SERVICE,[1] | ) |
| Defendant. | ) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby submits this memorandum in support of its motion to dismiss Plaintiff's complaint. Plaintiff's Federal Tort Claims Act ("FTCA") claim of general negligence against the United States must be dismissed for failure to state a claim because Plaintiff's allegations fail to reflect that the United States' had any actual or constructive notice of any alleged wet spot on the floor of the United States' Post Office ("Post Office") in Henderson, North Carolina.

---

[1] Under the Federal Tort Claims Act ("FTCA"), the only proper defendant is the United States of America. See 28 U.S.C. §§ 2671, et seq. See also Iodice v. United States, 289 F.3d 270, n. 1 (4th Cir. 2002) (United States is the only proper party in an FTCA action). Accordingly, the United States Postal Service should be dismissed and the United States of America substituted as the proper party defendant.

## FACTS[2]

On or about January 29, 2018, Plaintiff entered the premises of the Post Office located at 905 S. Garnett Street, in Henderson, North Carolina, while attempting to take care of a postal transaction. (D.E. 1, ¶ 4). On that date, a clear liquid was located on the floor of the Post Office. (D.E. 1, ¶ 5). Plaintiff alleged she slipped on the clear liquid at the Post Office while she was on the Post Office's premises. (D.E. 1, ¶ 9). Postal worker Gwen O'Neal ("O'Neal") was on duty at that time, took an incident report of Plaintiff's alleged fall, and took pictures of Plaintiff's knee after her alleged fall at the Post Office. (D.E. 1, ¶¶ 6, 10-11). According to Plaintiff, there was no notice to the general public of any danger arising from any liquid on the floor of the Post Office. (D.E. 1, ¶ 7). Plaintiff alleges she sustained multiple bodily injuries and received medical treatment. (D.E. 1, ¶ 12).

## PROCEDURAL HISTORY

On May 5, 2019, Plaintiff filed a complaint under the FTCA alleging general negligence by the United States. See (D.E. 1, p. 1). Plaintiff requests relief based upon alleged bodily injuries, medical expenses, pain and suffering, and mental anguish, plus interest, and attorney fees. (D.E. 1, ¶ 13).

---

[2] Pursuant to the applicable standard of review and for purposes of Defendants' motion to dismiss with supporting memorandum only, the allegations in Plaintiff's complaint are assumed to be true.

ARGUMENT

Legal Standard – Fed. R. Civ. P. 8

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to have a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has interpreted the pleading standard set forth in Rule 8(a) as requiring that a complaint include enough facts for the claim to be "plausible on its face" and thereby "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). The plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. A complaint must "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 556 U.S. at 678-79; see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (adding that a "complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims across the line from conceivable to plausible."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555 ("a

3

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

Legal Standard – Fed. R. Civ. P. 12(b)(6)

Fundamentally, a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests whether a plaintiff's complaint satisfies Rule 8(a)'s pleading requirements. Sabika, Inc. v. Goshen Sparkling Jewelry, LLC, 2013 WL 12180994 *2 (S.D.W.V. July 12, 2013). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d at 255 (citations omitted).

I. PLAINTIFF'S ALLEGATIONS OF GENERAL NEGLIGENCE BY THE UNITED STATES FAIL TO STATE A CLAIM UNDER NORTH CAROLINA LAW.

The United States, as sovereign, is immune from suit unless it waives its immunity and consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). In that regard, the FTCA provides a limited waiver of United States' sovereign immunity for the negligent or wrongful acts or omissions by any employee or agent of the United States acting within the scope of employment. See 28 U.S.C. § 1346 (b)(1). Under the FTCA, the substantive law of the place where the act or

4

omission occurred is to be applied. Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)). Here, that is North Carolina.

North Carolina law requires that "in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 460 S.E.2d 133, 136 (1995). For purposes of an FTCA claim, the duty is one of diligence or "reasonable care." See Johnson v. United States Gov't, 258 F. Supp. 372, 376 (E.D. Va. 1966) (holding that duty of care "only requires the exercise of ordinary diligence under the circumstances."); see also Beckwith v. Hart, 263 F. Supp. 2d 1018, 1022 (D. Md. 2003). Negligence is not presumed from the mere fact of injury. Goynias v. Spa Health Clubs, Inc., 148 N.C. App. 554, 556 (2002) (quotation and citation omitted).

In order to prove a defendant's negligence in a premises liability case, the plaintiff must first show that the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." Roumillat v. Simplistic Enters., Inc., 331 N.C. 57, 64 (1992), abrogated on other grounds by Nelson v. Freeland, 349 N.C. 615, 507 S.E.2d 882 (1998). Plaintiff does not allege any facts suggesting that she is asserting a claim under the first theory of liability (i.e. that the Post Office negligently created the condition that caused her purported injury). Instead, she appears to be attempting to allege a claim under the second theory of liability (i.e. the Post Office negligently failed to correct, or provide notice of, the existence of an alleged clear liquid on the Post Office floor). Under that theory, the Post Office had a duty to act

5

reasonably to address the condition of the wet floor, but that duty would only arise when the Post Office had "actual or constructive knowledge of [the] existence" of the wet floor. Roumillat, 331 N.C. at 64. Since actual or constructive knowledge of the wet floor is an element of negligence based upon premises liability under North Carolina law, Plaintiff must adequately allege factual content that allows the court to draw a reasonable inference that the Post Office had actual or constructive knowledge of the wet floor. This Plaintiff failed to do.

In her Complaint, Plaintiff alleged that i) the Post Office had a duty of care, ii) the Post Office did not post any notice of a wet spot on the floor, iii) Plaintiff fell on a wet spot on the Post Office floor, iv) Post Office personnel investigated the alleged incident, v) the Post Office breached its duty of care, and vi) Plaintiff was injured. See generally (D.E. 1, ¶¶ 4-13). Even taken in a light most favorable to Plaintiff, there are no factual allegations suggesting that the Post Office knew or should have known about the alleged wet floor. Plaintiff alleges no reason or basis that the Post Office should have known or was already aware of a wet spot on the floor of the Post Office premises beyond allegations that the floor was wet and she slipped.

Put simply, Plaintiff's complaint, rather than plausibly stating an element of negligence under premises liability, is nothing more than a product of speculation and a partial threadbare recital of the elements of her negligence claim requiring unwarranted inferences without any factual justification. As such, Plaintiff does not state a plausible claim for relief and Plaintiff's negligence claim against the United States should be dismissed for failure to state a claim upon which relief may be

6

granted. See, e.g., Johnson v. United States, 2018 WL 1353126 *3 (W.D. Va. March 15, 2018) (slip and fall complaint dismissed for failure to state a claim, in part, on Plaintiff's failure to allege any facts whatsoever to reasonably infer that defendant knew or should have known of the condition creating liability); Anderson v. Johns Hopkins Bayview Medical Center, Inc., 2017 WL 220136 *5 (D. Md. January 18, 2017) (plaintiff's alleged facts that did not suggest that defendants "knew or should have known" about basis for liability, thus plaintiff failed to plead a plausible claim for relief).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's complaint in its entirety.

Respectfully submitted this 12th day of July, 2019.

                                ROBERT J. HIGDON, JR.
                                United States Attorney

        By:   /s/ Rudy E. Renfer
               RUDY E. RENFER
               Assistant United States Attorney
               Civil Division
               150 Fayetteville Street
               Suite 2100
               Raleigh, NC 27601
               Telephone: (9l9) 856-4530
               Facsimile: (919) 856-4821
               Email: rudy.e.renfer@usdoj.gov
               N.C. Bar No. 23513
               Attorney for Defendant

CERTIFICATE OF SERVICE

    I do hereby certify that I have this 12th day of July, 2019, served a copy of the foregoing upon the below listed parties by placing a copy of the same in the U.S. Mail, addressed as follows:

Elaine Beverly Wilson
Law Office of Elaine B. Wilson, P.L.L.C.
1013 Doe Lane
Clayton, NC 27527
919-333-2076
Fax: 703-783-8300
Email: ebwlaw1@earthlink.net

                             By:    /s/ Rudy E. Renfer
                                      RUDY E. RENFER
                                      Assistant United States Attorney
                                      Civil Division
                                      150 Fayetteville Street
                                      Suite 2100
                                      Raleigh, NC 27601
                                      Telephone: (9l9) 856-4530
                                      Facsimile: (919) 856-4821
                                      Email: rudy.e.renfer@usdoj.gov
                                      N.C. Bar No. 23513
                                      Attorney for Defendant