IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-188-BO

| | |
|---|---|
| IRENE BILLUPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion to dismiss. [DE 6]. The motion is ripe for disposition. For the reasons that follow, defendant's motion to dismiss [DE 6] is denied.

## BACKGROUND

On January 29, 2018, plaintiff walked into the U.S. Post Office at 905 S. Garnett Street in Henderson, North Carolina, and slipped on a clear liquid on the floor. [DE 1, ¶¶ 4–5]. There was no posted warning about the liquid on the floor and the postal worker on duty, Ms. Gwen O'Neal, did not warn plaintiff about the liquid. *Id.* ¶¶ 6–7. Ms. O'Neal completed an incident report about plaintiff's fall and photographed her knees. *Id.* ¶¶ 10–11. As a result of her fall, plaintiff suffered injuries that required medical attention. *Id.* ¶¶ 12–13.

In May 2019, plaintiff initiated the instant action against the U.S. Postal Service, alleging a single negligence claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* [DE 1]. Defendant has moved to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff has not plausibly alleged that defendant had actual or constructive notice of the clear liquid on the floor of the Henderson Post Office and that plaintiff

therefore cannot prevail on her negligence claim. [DE 6, 7]. Plaintiff has not timely responded to defendant's motion to dismiss.

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, however, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Under the FTCA, the substantive law of the place where the act or omission occurred is the law that must be applied. *Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)).

Because the acts or omissions in this case took place in North Carolina, the Court applies North Carolina law.

"[I]n order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (N.C. 1995) (citing *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 395 S.E.2d 112 (N.C. 1990)). In order to prove negligence in a premises liability case, a plaintiff must show that the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342–43 (N.C. 1992), *abrogated on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (N.C. 1998) (citing *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (N.C. 1967)).

Defendant's motion to dismiss must be denied. Here, plaintiff appears to proceed under the second theory, as she does not specifically allege that the Post Office negligently created the condition that caused her injury. Under the second theory, the Post Office had a duty to act reasonably to correct the condition, but only if it had "actual or constructive notice" of the condition's existence. Defendant argues that plaintiff has not alleged sufficient facts to demonstrate that the Post Office had actual or constructive notice of the clear liquid on the floor in January 2018. The Court, however, disagrees. Accepting plaintiff's factual allegations as true and drawing all reasonable inferences in plaintiff's favor, plaintiff has sufficiently alleged that the Post Office had actual or constructive notice of the clear liquid on the floor. As such, plaintiff has plausibly alleged that defendant was negligent in failing to correct the condition, and defendant's motion to dismiss is denied.

Additionally, because the only proper defendant in this FTCA action is the United States of America, the United States of America is hereby substituted as the party defendant on plaintiff's negligence claim and plaintiff's claim against the U.S. Postal Service is dismissed. *See Iodice v. United States*, 289 F.3d 270, n.1 (4th Cir. 2002) (finding that, on FTCA claims against the U.S. Department of Veterans Affairs, only the United States was the proper defendant).

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 6] is DENIED. The United States of America is hereby substituted as the party defendant.

SO ORDERED, this **13** day of August, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4